## No. 754.

### JOHN M. ARMISTEAD VS. JULIUS LISSO.

The right of appeal, so far as it depends upon the amount in dispute, will not be determined by the allegations of the parties, when it is apparent that the actual value of the matter in dispute is below the jurisdiction of this court, and in such case the court will dismiss the appeal *ex proprio motu.*

APPEAL from the District Court for Red River. CHAPLIN, J.

*J. F. Pierson* for Plaintiff. *L. B. Watkins* for Defendant.

DE BLANC, J. Plaintiff and defendant claim to be the owners of the same tract of land — the first under an act of partition; the other, under a deed from the auditor of public accounts.

The value of the land is neither alleged nor proved, unless we consider as its value the price paid to the tax collector, $126.50, or by Lisso, a creditor of Armstead for its redemption $189.75.

Plaintiff claims as damages $150, defendant $750, $500 for rental value of the land, and balance for attorneys' fees.

Both parties were sworn and examined as witnesses; not one of them testified as to the value of the land. Plaintiff swore that he has incurred damages to the amount of one hundred dollars to bring this suit; defendant did not even allude to his rental claim or to his counsel's fees.

The right of appeal does not depend on mere assertions which fall untried under the weight of their own exaggeration, or extravagant and fictitious demands, ignored or abandoned by the parties themselves on the day of the trial, but on the *matter in dispute.*

It is manifest here that the only matter in dispute is the land ; that the sole demand of plaintiff and defendant, is for the recovery of the land, the value of which, — from the documents on file, — is less than five hundred dollars.

As to the defendant's reconventional demand, we are bound to presume that it is unfounded and fictitious, for he went on the witness stand, was examined in his own behalf, and did not prove that he has suffered any damages, or that, outside of what he may have paid, or be owing his counsel, he has spent, or is entitled to a cent.

Taking his own estimation of his counsel's fees, and adding it to the price he paid for the land, the matter in dispute would still be under five hundred dollars.   15 A. 135.

*Therefore, of our own motion, the appeal is dismissed.*